OPINION of the Court, by
Judge Owsley.
— The appellee obtained against the appellant a judgment at law on a bond given to Lyne in his lifetime, and bearing date in 1785. To be relieved against this judgment the appellant filed his bill with injunction.
It appears Lyne, some time in the year 1782, whilst the currency of a dollar was 5s. 9d. sold to Reynolds a quantity of land, for which he was to be paid whenever Lyne should convey the land. Before a conveyance was made by Lyne, and consequently before he was entitled to demand payment, the currency of a dollar was raised to 6 s. Subsequent to this, payment to a considerable amount was made by Reynolds ; but a dispute arose between the parties whether the money paid should be estimated^ at the rate of currency when the contract was made or at the time of payment. Reynolds insisting the rate of currency when the payment fell due should prevail, and Lyne contending he was entitled to pay according to the rate when the contract was made. Finally, however, the obligation upoft *341 which judgment at law was obtained, was giveaby Reynolds, including the balance for the land, after deducting the amount paid, according to the rate of currency when the agreement was made. And it is now contended that obligation was given through mistake ; and hence it is urged Reynolds should be relieved to the extent of the difference on the amount paid, between the currency when the contract was made and the time of payment. That difference appears satisfactorily from the appellee’s answer to be 20/. 12s. 6d.; and the question for the decision of this court is, should the appellant’s injunction have been made perpetual for that amount 1
Reynolds must have given the obligation under the impression that Lyne was entitled to receive the payment at the rate of currency when the contract was first made. If, therefore, Lyne had no such right, but payment according to the rate of currency when the demand fell due would have satisfied the claim, it results the obligation must have been given through mistake, and consequently relief should have been granted to the extent of that mistake. In England the king has the right to enhance, debase or change the coin at his pleasure ; and wherever he exercises that power, as if he makes base money current, it has been held it shall be taken as sterling. . So it has also been held that if an obligation be to pay so much in current money'' at such a day, and before the day the money be enhanced by proclamation, payment or tender in the enhanced value is sufficient — See 5 Com. Dig. 97 (B) 8.
When the original contract between Reynolds and Lyne was made, the legislature of Virginia had the power to regulate the currency of their coin within the limits of that state ; and as the contract between Reynolds and Lyne was made within that state, the promise by Reynolds to pay in current money of Virginia, must have been agreed on with a knowledge of the state sovereignty, and subject to its control in regulating the currency.
We are of opinion, therefore,. that the original obligation of Reynolds might have bfeen satisfied by payment in current money at its value when Lyne became entitled to demand payment, and that he is entitled to relief against the iudgmeqt at law for 2Q/. 12s. 6, with the i,n- *342 terest that has accumulated thereon, it being the amounf the difference of currency, to which he is entitled to a credit according to the principles of this opinion.
The decree of the court below is therefore erroneous and must be reversed with, costs ; the cause must be remanded to that court and a decree there entered conformable to this opinion.